**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

DAVID H. PINCKNEY,

                              Plaintiff,

            v.

NEW YORK DEPARTMENT OF                    No. 1:23-CV-01476
MOTOR VEHICLES,                           (DNH/CFH)

                              Defendant.
_____

**APPEARANCES:**

David Henry Pinckney
268 Highland Avenue
Passaic, New Jersey 07055
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

### I. In Forma Pauperis

Plaintiff pro se David H. Pinckney ("plaintiff") purported to commence this action

on November 27, 2023, by filing a complaint.  See Dkt. No. 1 ("Compl.").  In lieu of

paying this Court's filing fee, he submitted an application for leave to proceed in forma

pauperis ("IFP").  See Dkt. No. 2.  The undersigned has reviewed plaintiff's IFP

application and determines that he financially qualifies to proceed IFP.[1]

---

[1] Plaintiff is advised that although he has been granted IFP status, he is still required to pay any fees and costs he may incur in this action, including but not limited to copying fees, transcript fees, and witness fees.

## II. Initial Review

### A. Legal Standard

28 U.S.C. § 1915 directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action." Praileau v. Fischer, 930 F. Supp. 2d 383, 394 (N.D.N.Y. 2013).

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted). As the Second Circuit stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to special solicitude, that a pro se litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest. At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations, or arguments that the submissions themselves do not suggest, that we should not excuse frivolous or vexatious filings by pro se litigants, and that pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law . . . .

Id. (internal quotation marks, citations, and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds pro se, . . . a court is obligated to construe his pleadings liberally.") (internal quotation marks and

citations omitted).  Thus, the Court is not required to accept unsupported allegations that are devoid of sufficient facts or claims.  Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).  Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570; see Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

    "The [Second Circuit]'s 'special solicitude' for pro se pleadings has its limits, because pro se pleadings still must comply with . . . the Federal Rules of Civil Procedure [('Fed. R. Civ. P.')]."  Kastner v. Tri State Eye, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019) (quoting Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994)).[2]  Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include:

---

[2] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

> (1) a short and plain statement of the grounds for the court's
> jurisdiction . . . ; and
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct."  FED. R. CIV. P. 8(d).

Further, Rule 10 provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]"  Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).  A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims."  Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint."  Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  Id. (citations omitted).  If dismissal is warranted and the plaintiff is pro se, the court generally affords the plaintiff

leave to amend the complaint.  See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).

### B. Plaintiff's Complaint

Plaintiff names "New York Department of Motor Vehicles" ("DMV") as the defendant in this action.  Compl. at 1.  Plaintiff states that the DMV "assessed a suspension of [his] drivers license on a ticket written out to another person[,] making [him] surety for the ticket."  Id. at 3.  Plaintiff claims that he received "notification through mail" and he has since suffered "anxiety from having [his] driving privileges curtailed [sic] 'frivilously' [sic]."  Id. at 4.  Plaintiff alleges that the DMV violated: (1) the "Equal Protection clause of the 15th [sic] amendment"; (2) the "Rights and Prividedges [sic] clause of 14 Amendment"; (3) "Due Process of 5th Amendment"; and (4) "UCC 3-402(B)(2)."  Id. at 2.  Plaintiff requests: (1) "New York provide proof of claim that David H. Pinckney and DAVID H. PINCKNEY are surety for a debt attributed to David PICKNEY"; and (2) "All suspensions of David Henry Pinckney's New Jersey drivers license removed."  Id. at 4.

### C. Analysis

The Eleventh Amendment to the U.S. Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. CONST. AMEND. XI.  Thus, "[a]s a general rule, state governments and their agencies may not be sued in federal court unless they have waived their Eleventh Amendment immunity or there has been a valid abrogation of that immunity by Congress."  Kisembo v. N.Y.S. Office of Children &

<u>Family Servs.</u>, 285 F. Supp. 3d 509, 519 (N.D.N.Y. 2018) (quoting <u>Jackson v. Battaglia</u>, 63 F. Supp. 3d 214, 219-20 (N.D.N.Y. 2014)).  "This jurisdictional bar applies regardless of the nature of the relief sought."  <u>Murawski v. N.Y. State Bd. of Elections</u>, 285 F. Supp. 3d 691, 695 (S.D.N.Y. 2018) (quoting <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984)).  "'[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state.'"  <u>Gollomp v. Spitzer</u>, 568 F.3d 355, 366 (2d Cir. 2009) (quoting <u>Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.</u>, 466 F.3d 232, 236 (2d Cir. 2006)); see <u>Rubin v. New York State Dep't of Motor Vehicles</u>, No. 10-CV-4119 (NGG), 2010 WL 3842011, at *1 (E.D.N.Y. Sept. 28, 2010) ("The Eleventh Amendment bars suits against states, their agencies whether the Plaintiff seeks relief at law or in equity, absent the state's consent to suit or an express or statutory waiver of immunity.") (citing <u>Pennhurst State School & Hosp.</u>, 465 U.S. at 99-102).  "State departments of motor vehicles are considered arms of the state[.]"  <u>Yun v. City of New York</u>, No. 19-CV-9267 (CM), 2019 WL 6918515, at *4 (S.D.N.Y. Dec. 19, 2019) (dismissing the plaintiff's claims against the New York DMV because New York has "not waived [its] Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate [its] immunity"); see <u>Feingold v. New York</u>, 366 F.3d 138, 149 (2d Cir. 2004) ("[W]e find that [the plaintiff's] claim is clearly barred by the Eleventh Amendment because the DMV is a state agency.").

Here, plaintiff names the New York DMV as the sole defendant in this action. <u>See generally</u> Compl.  It is well established that the DMV, as an arm of New York State, is immune from suit under the Eleventh Amendment.  <u>See, e.g.</u>, <u>Sposato v. Carey</u>, No.

5:23-CV-364 (TJM/ATB), 2023 WL 10365030, at *7 (N.D.N.Y. July 27, 2023) ("[The] plaintiff's claims against the DMV, a New York state agency, are barred by the Eleventh Amendment and should be dismissed."), report and recommendation adopted, 2024 WL 637423 (N.D.N.Y. Feb. 15, 2024); Yerdon v. Poitras, No. 1:21-CV-0565 (LEK/ML), 2022 WL 798271, at *2 (N.D.N.Y. Mar. 16, 2022) ("Eleventh Amendment immunity in this case extends to arms of New York State, including the New York State Department of Motor Vehicles."); Annan v. State of New York Dep't of Motor Vehicles, No. 15-CV-1058 (CBA/CLP), 2016 WL 8189269, at *4 (E.D.N.Y. Mar. 2, 2016) ("[The plaintiff]'s claims against the State of New York, the DMV, and the Traffic Violations Division are barred by the Eleventh Amendment and dismissed."), aff'd sub nom. Annan v. New York State Dep't of Motor Vehicles, 662 F. App'x 85 (2d Cir. 2016) (summary order); Rubin, 2010 WL 3842011, at *1 ("Plaintiff's claims against the DMV are frivolous and must be dismissed because states and their agencies are immune from suit under the Eleventh Amendment."). This immunity applies regardless of whether plaintiff seeks monetary damages or equitable relief. See Rubin, 2010 WL 3842011, at *1 ("Since the DMV is a New York State agency and state agencies are protected under the Eleventh Amendment from claims for monetary and equitable relief, [the p]laintiff's claims are clearly merit less and must be dismissed[.]"). Accordingly, because the New York DMV is immune from suit under the Eleventh Amendment, it is recommended that plaintiff's claims be dismissed. It is further recommended that the dismissal be with prejudice and without opportunity to amend because the defects in plaintiff's complaint cannot be cured. See Cortec Indus. Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a

complaint should be dismissed with prejudice."); <u>see also</u> <u>Forjone v. Dep't of Motor Vehicles</u>, 414 F. Supp. 3d 292, 303 (N.D.N.Y. 2019) (dismissing the plaintiff's claim against the DMV with prejudice pursuant to the Eleventh Amendment because "[p]ermitting amendment would be unproductive in this instance"); <u>Avraham v. Lakeshore Yacht & Country Club, Inc.</u>, No. 5:15-CV-1297, 2016 WL 6585589, at *17 (N.D.N.Y. Nov. 7, 2016) ("Finally, although district courts in this Circuit are generally reluctant to dismiss a pro se plaintiff's action without permitting leave to replead, the Second Circuit has explained that it is nevertheless appropriate to do so in cases '[w]here it appears that granting leave to amend is unlikely to be productive.'") (quoting <u>Ruffolo v. Oppenheimer & Co.</u>, 987 F.2d 129, 131 (2d Cir. 1993)).

### III. Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**; and it is further

**RECOMMENDED**, that plaintiff's claims against New York Department of Motor Vehicles be **DISMISSED WITH PREJUDICE and WITHOUT LEAVE TO AMEND**; and it is

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed

with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN**

**FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette,

984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892

F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72.[3]


        Dated:  March 28, 2024
                Albany, New York


                                    _Christian F. Hummel_
                                    Christian F. Hummel
                                    U.S. Magistrate Judge

---

[3] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).